UNITED STATES DISTRICT COURT
DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Domnick J. Mazzie,**

Case No.:
Judge:

**Plaintiff,**

vs.

**Stellar Recovery, Inc.**

**Defendant(s).**
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, Domnick J. Mazzie, by and through his attorneys James C. Warr & Associates, PLC, and for his Complaint states as follows:

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Domnick J. Mazzie is a natural person who resides in Wayne County, Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stellar Recovery, Inc. is a collection agency operating from an address of 4500 Salisbury Rd., Ste. 105, Jacksonville, FL 32216, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt with Comcast in the amount of $805.53.

7. Sometime thereafter, the subject debt was consigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

8. On May 14, 2014, the Plaintiff filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan in Detroit (In re Domnick J. Mazzie, Chapter 7 Case No. 14-48391-tjt, (Bankr. E.D. Mich. 2014)).

9. The Plaintiff received a discharge on October 6, 2014 (see attached Exhibit A).

10. On or about September 13, 2016, the Defendant sent the Plaintiff a collection letter in an attempt to collect the subject debt (See attached Exhibit B).

11. The debt that was the subject of the September 13, 2016, collection letter sent by the Defendant was discharged in the Plaintiff's bankruptcy case.

12. On January 26, 2016, the Plaintiff had informed a pervious collection agency (Financial Business and Consumer Solutions, Inc.) that this debt was discharged in his bankruptcy case.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. The Plaintiffs incorporate Paragraphs 1 through 11 by reference.

14. The Fair Debt Collections Practices Act (FDCPA), specifically 15 U.S.C. 1692e(2)(A), prohibits debt collectors from making false representations of the character, amount or legal status of a debt.

15. The debt that was the subject of the September 13, 2016, collection letter sent by the Defendant was discharged in the Plaintiff's bankruptcy.

16. The September 13, 2016, collection letter sent by the Defendant thus violates multiple provisions of the Fair Debt Collection Practices Act, specifically 15 U.S.C. 1692e(2)(A), because it was an attempt to collect a discharged debt. See Ross v. RJM Acquisition Funding L.L.C., 480 F.3d 493 (7th Cir. 2007).

17. The September 13, 2016, collection letter sent by the Defendant thus violates multiple provisions of the Fair Debt Collection Practices Act, specifically 15 U.S.C. 1693e(2)(A), because it misrepresents the legal status of the debt as being one that is still enforceable against the Plaintiff.

18. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

19. The Defendant's actions in this regard also constitute negligence.

## DEMAND FOR JURY TRIAL

20. The Plaintiff demands a trial by jury for this action.

WHEREFORE, the Plaintiffs pray that this Honorable Court enter judgment against the Defendants as follows:

    a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act;

    b. an award for costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3); and

    c. such other relief as might be just and proper.

Respectfully submitted,

/s/ James C. Warr
JAMES C. WARR (P47001)
James C. Warr & Associates, PLC
Attorney for Debtor(s)
24500 Northwestern Hwy., Suite 205
Southfield, MI 48075
(248) 357-5860
attywarr@sbcglobal.net

Dated: 9/22/2016

UNITED STATES DISTRICT COURT
DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Domnick J. Mazzie,

Case No.:
Judge:

Plaintiff,

vs.

Stellar Recovery, Inc.

Defendant(s).

_____/

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Domnick J. Mazzie, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Domnick J. Mazzie

Dated: 9-22-16

Subscribed and sworn to me before me
this _22nd_ day of _September_, 2016

_____
ERIKA R. HUNTER

Notary Public, _Macomb_ County, Michigan,
Acting in the County of _Oakland_
My Commission Expires: _8-21-2021_

ERIKA R. HUNTER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Aug 21, 2021
ACTING IN COUNTY OF OAKLAND

-4-

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Eastern District of Michigan
Case No. <u>14–48391–tjt</u>
Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Domnick J. Mazzie
   26585 Teton Lane
   Flat Rock, MI 48134

Social Security / Individual Taxpayer ID No.:
   xxx–xx–1860

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                         BY THE COURT

Dated: <u>10/6/14</u>                                  <u>Thomas J. Tucker</u>
                                                           United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**Exhibit A**

Dept. 132416
PO Box 1259
Oaks, PA 19456



DATE: 09/13/2016
ORIGINAL CREDITOR: COMCAST
ORIGINAL ACCT. NUMBER: 63678
STELLAR RECOVERY FILE #: 22080990
**PLACED BALANCE:** $698.14

DOMNICK MAZZIE
26585 TETON LN
FLAT ROCK MI 48134-2823

 Visit our website www.stellarrecoveryinc.com

 Call our office at 844-329-0977
Mon and Tues: 8AM - 10PM ET. Wed, Thurs, and Fri: 8AM- 7PM ET

## ACCOUNT PLACED FOR COLLECTION

Dear DOMNICK MAZZIE,

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please be advised that the above-referenced account has been placed with Stellar Recovery for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

For additional information please visit our website www.stellarrecoveryinc.com, or contact our office at 844-329-0977.

Sincerely,

Stellar Recovery

**Exhibit B**

Stellar Recovery, Inc. • PO Box 48370 • Jacksonville, FL 32247

1 of 1

131936-PLC-38220